**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES E. HALL,
           *Plaintiff-Appellant,*

           v.

WAL-MART PROPERTIES,
INCORPORATED; WAL-MART STORES,
INCORPORATED, d/b/a Wal-Mart,
           *Defendants-Appellees.*

No. 02-1539

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CA-00-687-7)

Submitted: September 9, 2003

Decided: October 21, 2003

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William L. Heartwell, III, WILLIAM L. HEARTWELL, III, P.C., Fincastle, Virginia, for Appellant. Monica Taylor Monday, Victor S. Skaff, III, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James E. Hall appeals the district court's judgment entered pursuant to a jury verdict granting him $300 in a negligence action brought to recover for injuries sustained at Wal-Mart.

First, Hall asserts that the district court erred by failing to instruct the jury on concurrent negligence. In diversity cases, the content of jury instructions is governed by state law, while the form of the instructions is governed by federal law. *Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1293 (4th Cir. 1995). We review the jury instructions for abuse of discretion. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 408 (4th Cir. 1999). On review, jury instructions must be viewed as a whole, and even where jury instructions are flawed, there can be no reversal unless the error seriously prejudiced the plaintiff's case. *Hardin*, 50 F.3d at 1294, 1296. We have carefully reviewed the jury instructions in this case in light of the evidence presented at trial, and we find no reversible error.

Second, Hall asserts the district court erred in issuing supplemental instructions to the jury in response to its inquiry as to when Hall first sought damages. We review this claim for plain error. *In re Celotex Corp.*, 124 F.3d 619, 630-31 (4th Cir. 1997); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). This claim is likewise meritless. Hall cannot establish the district court's supplemental instruction prejudiced his case, or affected the fairness, integrity, or public reputation of his case. *Olano*, 507 U.S. at 733-37.

Third, Hall relies on the district court's failure to instruct the jury on concurrent negligence, and on its supplemental jury instruction, to assert the district court erred in denying his motion for a new trial. We review this claim for abuse of discretion. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). Having thoroughly reviewed

the submissions by the parties, we conclude that Hall cannot establish the district court abused its discretion by denying his motion for a new trial. *Matison v. Dallas Carrier Corp.*, 947 F.2d 95, 100 (4th Cir. 1991).

Accordingly, we affirm the judgment. *See Hall v. Wal-Mart Properties, Inc.*, No. CA-00-687-7 (W.D. Va. Apr. 22, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*